IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Montré D. Brown, | ) | C/A No. 0:25-4403-RMG-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Bryan P. Stirling; Warden Palmer; Lt. | ) | |
| Schwartz; Lt. Robinson; Sgt Foster; Sgt | ) | |
| Martinez, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Montré D. Brown, a self-represented state prisoner, filed this civil rights action seeking relief pursuant to 42 U.S.C. § 1983.[1]  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the parties' cross-motions for summary judgment.  (ECF Nos. 31 & 37.)  Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion.  (ECF No. 32.)  The motions have been fully briefed and are ripe for resolution.  (ECF Nos. 36, 39, & 41.)  Having reviewed the record presented and the applicable law, the court concludes that Plaintiff has failed to exhaust his administrative remedies with regard to his federal claims.  The case should therefore be dismissed as to Plaintiff's federal claims and the court should decline to exercise supplemental jurisdiction over the state law claims.

---

[1] The defendants removed this case from the McCormick County Court of Common Pleas. (ECF No. 1.)

## BACKGROUND

Plaintiff's allegations stem from a situation that occurred on or around August 7, 2023 while Plaintiff was housed at the McCormick Correctional Institution of the South Carolina Department of Corrections ("SCDC") during which Plaintiff informed one of the defendants that he was "feeling suicidal." (Compl., ECF No. 1-1 at 6.) Plaintiff was seen by a doctor via a virtual call, and the doctor determined that Plaintiff should be placed in a crisis intervention observation cell. (Id. at 6-7.) However, according to Plaintiff, the cell in which he was placed was covered in blood. (Id. at 7.) Plaintiff alleges that, although he informed several of the defendants of the cell's conditions, they responded by telling him to "keep his croc shoes" on so he did not step in blood and refused to provide him with cleaning supplies because those items were not allowed in crisis intervention cells. (Id. at 7.) Plaintiff alleges he remained in the cell under these conditions until August 17, when he was transferred to Broad River Correctional Institution. (Id. at 8.) Plaintiff alleges that these conditions violated his constitutional rights under the Eighth Amendment and he seeks monetary damages. (Id. at 13, 16.)

## DISCUSSION

### A.     Applicable Standard

Under Rule 56, summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the

Page 2 of 10

existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Erickson v. Pardus, 551 U.S. 89 (2007), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Exhaustion of Administrative Remedies**

The defendants argue that Plaintiff failed to exhaust his administrative remedies with regard to his federal claims. A prisoner must exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of

this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Generally, to satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. See Booth v. Churner, 532 U.S. 731 (2001); but see Ross v. Blake, 578 U.S. 632 (2016) (describing limited exceptions to the exhaustion requirement). Those remedies neither need to meet federal standards, nor are they required to be plain, speedy, and effective. Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739). Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so properly." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). The defendant has the burden of establishing that a plaintiff failed to exhaust his administrative remedies. See Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017) (quoting Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008)).

Pursuant to South Carolina Department of Corrections policy, an inmate seeking to complain of prison conditions generally must first attempt to informally resolve his complaint. See SCDC Policy GA-01.12 "Inmate Grievance System," https://www.doc.sc.gov/policy/policy-listing (last visited Mar. 5, 2026). Next, an inmate may file a "Step 1 Grievance" with designated

prison staff. If the Step 1 Grievance is denied,[2] the inmate may appeal to the warden of his facility via a "Step 2 Grievance." Moreover, subject to certain exceptions not applicable here, review from the South Carolina Administrative Law Court ("ALC"), a state executive-branch tribunal, is generally part of the available administrative remedies an inmate must exhaust. S.C. Code Ann. § 1-23-500 ("There is created the South Carolina Administrative Law Court, which is an agency and court of record within the *executive* branch of the government of this State.") (emphasis added); see Furtick v. S.C. Dep't of Corr., 649 S.E.2d 35, 38 (S.C. 2007) (reaffirming that "the ALC has jurisdiction over all inmate grievance appeals that have been properly filed") (citing Slezak v. S.C. Dep't of Corr., 605 S.E.2d 506 (S.C. 2004)); SCDC Policy GA-01.12 "Inmate Grievance System" at § 13.9.

The law is clear that exhaustion is a prerequisite to suit and must be completed prior to filing an action. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 676-77 (4th Cir. 2005); see, e.g., Page v. Paduly, No. 9:09-cv-0952-RMG-BM, 2010 WL 4365644, at *1 (D.S.C. Oct. 28, 2010) (finding that a plaintiff failed to exhaust his administrative remedies where he either did not properly pursue a grievance concerning the issues raised in the case prior to filing the lawsuit, or did not even file grievances until after the lawsuit had already commenced); Cabbagestalk v. Ozmint, C/A No. 9:06-3005-MBS, 2007 WL 2822927, at *1 (D.S.C. Sept. 27, 2007) (noting that the court must look to the time of filing—not the time the district court is rendering its decision—to determine if exhaustion has occurred); see also Jackson v. Dist. of Columbia, 254 F.3d 262, 269 (D.C. Cir. 2001) (rejecting the argument that § 1997e(a) "permits suit to be filed so long as

---

[2] Applicable here, if the Step 1 Grievance is reviewed by the Inmate Grievance Coordinator and is determined to be deficient due to missing information, documentation, or other issues, it will be returned to the inmate without a warden's decision. The inmate may either re-file a new grievance to correct the noted deficiencies, or the inmate can timely appeal the returned grievance to the Inmate Grievance Coordinator. Id. at § 13.3.

administrative remedies are exhausted before trial"); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) (holding a prisoner "may not exhaust administrative remedies during the pendency of the federal suit").

The only recognized exception to the PLRA's requirement to exhaust administrative remedies stems from the statutory language itself: an inmate need not pursue administrative remedies if they are not "available." Ross, 578 U.S. at 642; see also Moore, 517 F.3d at 725 ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."). However, "a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are." Moore, 517 F.3d at 725 (citing Woodford, 548 U.S. 81). Courts have recognized that generally the burden is on the defendant to show that there was an available administrative remedy that the prisoner did not use, and that the burden then "shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014); see also Tuckel v. Grover, 660 F.3d 1249, 1254 (10th Cir. 2011) ("Once a defendant proves that a plaintiff failed to exhaust, however, the onus falls on the plaintiff to show that remedies were unavailable to him as a result of intimidation by prison officials.").

In support of their argument, the defendants provide the affidavit of Felecia McKie, the Agency Inmate Grievance Coordinator/Branch Chief of the Inmate Grievance Branch of SCDC. McKie testifies that Plaintiff filed a Step 1 Grievance on January 23, 2024 regarding the August 2023 incident. (McKie Aff. ¶ 19, ECF No. 31-5 at 3.) Plaintiff also indicted in his grievance that he had submitted a Request to Staff in August, but had not received a response. (Id. ¶ 20.) The

Step 1 Grievance was reviewed by the Inmate Grievance Coordinator and returned to Plaintiff, noting that he had exceeded the timeframe in which to file his grievance.  (Id. ¶ 22.)  The Inmate Grievance Coordinator's response explained that

> if you submitted [a Request to Staff] in August, the staff member has 45 days to respond.  On the 46th day, you may submit a Step 1 referring to the [Request to Staff].  You have exceeded the timeframe to do this.  Your step 1 should have been submitted at the end of September 2023 not 4 months later in January 2024.

(Step 1 Grievance, ECF No. 31-5 at 6.)  McKie testifies that Plaintiff did not appeal this response to her or any designee in the Inmate Grievance Coordinator's office and, accordingly, Plaintiff did not exhaust his administrative remedies.  (McKie Aff. ¶ 23, ECF No. 31-5 at 4.)

Plaintiff's response to the defendants' exhaustion argument focuses almost entirely on why his Step 1 Grievance should not have been found untimely.  (ECF No. 36.)  However, as pointed out by the defendants in their reply, these arguments are exactly what Plaintiff should have raised through an appeal of his Step 1 grievance to SCDC before filing his Complaint.  (ECF No. 39); see Woodford, 548 U.S. at 90 ("Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims.  Administrative law does this by requiring proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).' ") (citation omitted).  Plaintiff fails to address the defendants' argument regarding his failure to appeal his Step 1 Grievance, and Plaintiff has not met his burden to show that there is something in his particular case that made the

existing and generally available administrative remedies effectively unavailable to him.[3]  See

Ross, 578 U.S. at 642; Albino, 747 F.3d at 1172.  Accordingly, on this record, the court concludes

that the defendants have met their burden to establish that Plaintiff failed to properly exhaust his

administrative remedies with regard to his federal claims.

**C.    State Law Claims**

In light of the recommendation that the defendants' motion for summary judgment be

granted as to Plaintiff's federal claims, the court should decline to exercise supplemental

jurisdiction over Plaintiff's state law claims.  See 28 U.S.C. § 1367(c) (authorizing a district court

to decline to exercise jurisdiction over a supplemental claim); Carnegie-Mellon Univ. v. Cohill,

484 U.S. 343, 349-50 (1988) (discussing the factors in deciding whether to exercise supplemental

jurisdiction after removal).  Here, Plaintiff raises several state law claims that, in the interest of

comity, are more appropriate for consideration in South Carolina's courts.  See 28 U.S.C. § 1367(c)

(listing bases for declining supplemental jurisdiction, including the presence of novel or complex

issues of state law and the dismissal of federal claims); Hinson v. Nw. Fin. S.C., Inc., 239 F.3d

611, 617 (4th Cir. 2001) (finding the district court did not abuse its discretion to remand the case

to state court where the federal claims were no longer at issue, the state claims predominated, and

---

[3] The court has previously found that SCDC's failure to respond to an inmate's multiple Requests to Staff essentially thwarted the inmate's ability to exhaust his administrative remedies because it "bar[red] prisoners from filing Step One grievances without attached, *responded-to* [Requests to Staff]" and "bar[red] prisoners from filing a grievance on the basis that a Step One grievance was left unprocessed."  Mann v. Scott, C/A No. 0:14-3474-RMG, 2015 WL 5165198, at *4-5 (D.S.C. Sept. 1, 2015) (emphasis in original).  Distinguishable here, the record in the case before the court establishes that Plaintiff's Step 1 Grievance was returned as *untimely* rather than denied because Plaintiff did not submit a responded-to Request to Staff.  (Step 1 Grievance, ECF No. 31-5 at 6.)  Moreover, the defendants' evidence establishes a remedy that Plaintiff could have pursued to appeal his Step 1 Grievance, which Plaintiff did not do.  (See McKie Aff. ¶¶ 13, 23, ECF No. 31-5 at 3, 4.)

the state claims involved interpretations of complex state statutes on which there was no state precedent).

## RECOMMENDATION

Based on the foregoing, the court recommends that, as to Plaintiff's federal claims, the defendants' motion for summary judgment (ECF No. 31) be granted and Plaintiff's motion for summary judgment (ECF No. 37) be denied based on Plaintiff's failure to exhaust his administrative remedies. The court further recommends declining to exercise supplemental jurisdiction over Plaintiff's state law claims and remanding them to state court.

March 6, 2026
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).