**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | |
|---|---|
| Montré D. Brown,<br><br>                    Plaintiff,<br>        v.<br><br>Bryan P. Stirling; Warden Palmer; Lt.<br>Schwartz; Lt. Robinson; Sgt Foster; Sgt<br>Martinez,<br><br>                    Defendants. | Case No. 0:25-cv-04403-RMG<br><br><br>**ORDER & OPINION** |

Before the Court is the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 49) recommending that Defendants' motion for summary judgment (Dkt. No. 31) be granted and Plaintiff's motion for summary judgment (Dkt. No. 37) be denied, due to Plaintiff's failure to exhaust his administrative remedies. No party filed objections to the R & R.

I.    **Legal Standard**

A.  **Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

1

instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B. Prison Litigation Reform Act

The Prison Litigation Reform Act requires that "[n]o action shall be brought with respect to prison conditions under section 1983 this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To satisfy this requirement plaintiffs must avail themselves of every level of administrative review that the prison makes available and must do so prior to filing the suit. *Jones v. Bock*, 549 U.S. 199, 218 (2007), *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). Claiming to be unaware of the specific requirements of the grievance process does not excuse a failure to comply with the grievance system's deadlines where evidence shows that the plaintiff was familiar with the grievance system and could have asked questions if needed. *Graham v. County of Gloucester*, 668 F.Supp.2d 734, 739-40 (E.D. Va. 2009), *aff'd* 413 Fed. Appx. 660 at *3 (4th Cir. 2011). The exhaustion requirement does not apply if the grievance process is not available through no fault of the prisoner. *Moore*, 517 F.3d at 725.

## II.    Discussion

Plaintiff, acting *pro se*, filed this action under 42 U.S.C. § 1983 arguing that Defendants violated his constitutional rights under the Eighth Amendment by placing him in an allegedly unsanitary crisis intervention cell at the McCormick Correctional Institution in August 2023. (Dkt. No. 1 at 6-7).

### A. Federal Law Claims

The Magistrate Judge carefully reviewed the factual issues and record and concluded that Plaintiff failed to exhaust his administrative remedies prior to filing his suit. Specifically, the

Magistrate Judge found that Plaintiff's Step 1 Grievance was returned as untimely and that Plaintiff did not appeal that determination to the Inmate Grievance Coordinator's office, as the facility's procedures required. (Dkt. No. 49 at 7). The Magistrate Judge correctly found that Defendants have met their burden to establish that Plaintiff failed to exhaust the administrative remedies available to him. The Court finds that the Magistrate Judge ably summarized the factual and legal issues and correctly concluded that Defendants are entitled to summary judgment on Plaintiff's federal claims.

### B. State Law Claims

The Court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367. The Court has "wide discretion" to do so. *Yashenko v. Harrah's NC Casino Co.*, 446 F.3d 541, 553 n.4 (4th Cir. 2006). In declining to exercise supplemental jurisdiction, the Court considers "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).

Here, Plaintiff raises state law claims that are more appropriate for consideration in South Carolina's courts. *See* 28 U.S.C. § 1367(c) (listing bases for declining supplemental jurisdiction, including the presence of novel or complex issues of state law and the dismissal of federal claims); *Hinson v. Nw. Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001) ("federal courts have an inherent power to remand removed State claims when the federal claims drop out of the case.").

Here, there is no indication that remanding the state law claims would inconvenience or unfairly prejudice the parties, nor does the Court find any underlying issues of federal policy involved in these state law claims. Therefore, the Court declines to exercise supplemental jurisdiction and remands Plaintiff's state law claims to state court.

3

**III.     Conclusion**

In light of the foregoing, the Court **ADOPTS** the Report and Recommendation (Dkt. No. 49) as the order of the Court. Defendants' motion for summary judgment for failure to exhaust administrative remedies is **GRANTED**. (Dkt. No. 31). Plaintiff's motion for summary judgment is **DENIED**. (Dkt. No. 37). The Court **REMANDS** to state court the remaining state law claims.

**AND IT IS SO ORDERED.**

s/Richard M. Gergel
Richard Mark Gergel
United States District Judge

March 24, 2026
Charleston, South Carolina

4